**Vito SABELLA,**

v.

**INTEGRITY FISHING CORPORATION.**

**Civ. A. No. 90–11319–WF.**

United States District Court,
D. Massachusetts.

May 7, 1992.

---

Joseph M. Orlando, Orlando & Associates, Gloucester, Mass., for plaintiff.

Thomas E. Clinton, Clifford B. Thompson, Clinton & Muzyka, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO IMPOSE SANCTIONS FOR VIOLATION OF FED.R.CIV.P. RULE 11 (# 32)

COLLINGS, United States Magistrate Judge.

Plaintiff's counsel, Joseph M. Orlando, Esquire of the law firm of Orlando and Associates, seeks the imposition of sanctions pursuant to Rule 11, Fed.R.Civ.P., upon Clifford B. Thompson, Esquire of the law firm of Clinton & Muzyka, counsel for the defendant, on account of statements made in two pleadings signed by Mr. Thompson and filed in this Court, i.e. (1) Motion For Physical And Mental Examination Pursuant To Rule 35A And Supporting Memorandum (# 18) and (2) Motion For Enlargement Of Time In Which To Conduct Discovery (# 25).

Rule 11, Fed.R.Civ.P., provides, in pertinent part:

> The signature of an attorney [on a pleading, motion or other paper] constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief **formed after reasonable inquiry it is well-grounded in fact** ...
>
> \* \* \* \* \* \*
>
> If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, **shall** impose upon the person who signed

it ... an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses, incurred because of the pleading, motion, or other paper, including a reasonable attorney's fee.

Emphasis supplied.

■ In the Motion For Physical And Mental Examination Pursuant To Rule 35A And Supporting Memorandum (# 18, filed January 9, 1992), Mr. Thompson stated:

In an effort to ascertain the nature of plaintiff's alleged psychological injury, defendant retained Dr. Michael S. Annunziata, an Italian speaking psychiatrist. Mr. Sabella appeared **once** at the offices of Dr. Michael Annunziata, accompanied by a representative of plaintiff's attorney, for a psychiatric evaluation. Plaintiff's counsel has refused to allow further examination.

# 18 at pp. 4–5 (Emphasis added).

Attached to the motion as Exhibit F was a letter from Dr. Annunziata dated December 30, 1991 stating, in pertinent part:

Mr. Vito Sabella was seen for the beginning of a psychiatric evaluation in December, 1990. Medical records were reviewed. Further psychiatric examination, as well as additional records are required, before a psychiatric opinion can be rendered, with a reasonable degree of medical certainty.

Plaintiff's counsel avers that the statement that Dr. Annunziata saw the plaintiff once is in error and that, in fact, Dr. Annunziata saw the plaintiff twice, i.e. on January 2, 1990 and an unspecified date in February, 1990. *See* Exhibit G to # 32. Plaintiff's counsel also points out that in an earlier motion to quash, co-counsel for the defendant, Thomas E. Clinton, Esquire, specifically said that Dr. Annunziata had seen the plaintiff twice. *See* # 11, filed October 3, 1991, at para. 3.

I note from my independent review of the file that Mr. Thompson filed a reply brief (# 14, filed October 25, 1991) to plaintiff's opposition to motion to quash and stated that Dr. Annunziata had seen the plaintiff on two occasions. *See* # 14, para. 6.

I decline to impose Rule 11 sanctions on the basis of Mr. Thompson's statement which indicated that Dr. Annunziata had seen the plaintiff "once." I cannot believe that this misstatement was intentional, given the fact that the same attorney had only two months before stated that the doctor had seen the plaintiff twice. Rather, the more plausible explanation is that Mr. Thompson had not focused on the specific number of times Dr. Annunziata had seen the plaintiff when he made the statement that the doctor had seen the plaintiff "once" and, not having focused on the issue, was led into believing that Dr. Annunziata had seen the plaintiff only "once" by Dr. Annunziata's letter which seems to indicate that the plaintiff was seen once in December, 1990. Given the doctor's letter, I do not believe it was necessary for Mr. Thompson to check the accuracy of the doctor's statement, especially since the matter did not, as of that time, appear to be in dispute.

In sum, Rule 11 does not require perfection on the part of attorneys. In all the circumstances, I cannot say that a "reasonable inquiry" required Mr. Thompson, before he filed the Motion For Physical And Mental Examination Pursuant To Rule 35A And Supporting Memorandum (# 18) on January 9, 1992, to check the accuracy of the doctor's statement which implied that the doctor had seen the plaintiff once.

■ There is more substance to plaintiff's claims that Mr. Thompson violated Rule 11 when he made statements in the Motion For Enlargement Of Time In Which To Conduct Discovery (# 25). In that pleading, Mr. Thompson stated:

3. Plaintiff claims to have suffered permanent disabling injuries from what all discovery has revealed to be a relatively minor incident; and Mr. Sabella's claims of an intangible "psychological" injury are extremely similar to those alleged by the plaintiff in a unrelated trial in which Mr. Sabella appeared as a witness.

\*  \*  \*  \*  \*  \*

6. Defendant's handicap with respect to the defense of this case is unusual. Of the five crewmembers onboard the F/V INTEGRITY at the time of plaintiff's alleged injury, three, Gus San Fillipo, Angelo Ravisi, and plaintiff Vito Sabella, had previously appeared in other matters as witnesses on behalf of clients represented by Attorney Joseph Orlando, plaintiff's counsel in this case.

7. Further, upon information and belief, Gus San Fillipo, a witness and the captain of the F/V INTEGRITY at the time of Mr. Sabella's alleged injury, is a blood relative of Domenic San Fillipo, an employee of Joseph Orlando.

8. The owner of the vessel was not present onboard at the time of the alleged incident which gives rise to this lawsuit.

9. The only member of the crew who does not share some relationship with plaintiff's attorney, Joseph Orlando, is Todd Fallon. To date, defendant has been unsuccessful in locating Mr. Fallon. The fifth crewmember was Gus San Fillipo, Jr., presumably also a relative of Domenic San Fillipo, Plaintiff's lawyer's employee.

\# 25, filed January 31, 1992, at 3–4.

Plaintiff alleges that the second independent clause of paragraph 3, all of paragraphs 6 and 7 and the first and last sentences of paragraph 9 are false. Further, Mr. Orlando argues that the misstatements are very serious since they imply that he and his law firm have, at the least, acted improperly so as to "handicap" the defense.

First, Mr. Orlando's employee, Domenic San Fillipo, denies that he is a blood relative of any of the other persons by the name of San Fillipo mentioned by Mr. Thompson.

Second, Mr. Orlando avers that neither Gus San Fillipo nor Angelo Ravisi ever appeared as witnesses on behalf of clients whom he represented. In fact, Mr. Orlando notes that in one case, which Mr. Thompson mentions in his Motion For Physical And Mental Examination Pursuant To Rule 35A And Supporting Memorandum (\# 18) as being factually similar to the instant case, i.e. *Tarrantino v. Capt. Joe, Inc.*, C.A. 83–3601–T, Mr. Gus San Fillipo testified for the defense, the defense being represented by Mr. Thompson's firm, Clinton & Muzyka.

Third, in the *Tarrantino* case, Tarrantino came to be represented by Mr. Orlando only subsequent to the filing of the complaint and after some discovery had been done. Mr. Sabella was deposed by plaintiff Tarrantino's prior counsel in that case, not by Mr. Orlando. More importantly, Mr. Sabella was subpoenaed to testify **for the defense** at trial but was told by defendant's counsel not to appear and was paid by the defendant, through the law firm of Clinton & Muzyka, the sum of $2500 for "lost wages and travel expenses." *See* \# 32, Exhibit E. Mr. Sabella was never deposed by Mr. Orlando or called as a witness at trial by him.

I find that the second independent clause of paragraph 3 is untrue since Mr. Sabella did not appear as a witness at the *Tarrantino* trial. The only item in paragraph 6 which has some relationship to the truth to it is that Mr. Sabella did appear as a witness (albeit a deposition) in the *Tarrantino* case on behalf of plaintiff Tarrantino; however, this occurred at a time when Mr. Orlando did not represent Tarrantino. Paragraph 7 is false in its entirety. The first and last sentences of paragraph 9 are false.

So far as appears, Mr. Thompson's only basis for saying that Mr. Orlando's employee, Domenic San Fillipo, is related to the other persons by the name of San Fillipo is the identical spelling of the last names. This is an insufficient basis for making the kind of allegation which Mr. Thompson makes against Mr. Orlando's law firm.

I cannot find that any inquiry, reasonable or otherwise, was done in connection with the allegations about the *Tarrantino* case. Again, the allegations imply that there has been collusion in both this case and the *Tarrantino* case between Mr. Sa-

bella, Gus San Fillipo, Gus San Fillipo, Jr., Angelo Ravesi and one or more persons in Mr. Orlando's office to support spurious claims of injury in either one or both of the cases and to hinder the defendant's efforts to expose the true state of affairs. If Mr. Thompson is going to make statements with such serious implications, Rule 11 requires that he make a reasonable effort to get his facts straight. He failed to do so.

In sum, I find that the statements in the Motion For Enlargement Of Time In Which To Conduct Discovery (# 25) referred to, *supra,* were not well-grounded in fact and were not made after reasonable inquiry. A review of the file in the *Tarrantino* case would most likely have shown the true facts. Either Mr. Thompson failed to review the file or conducted an insufficient review. In either case, reasonable inquiry was lacking. Further, just making the connection that two persons have the same last name is, in the circumstances of this case, not a reasonable inquiry as to whether Mr. Orlando's employee is related by blood to the witnesses with the same last name in either this case or the *Tarrantino* case.

■ Having found a Rule 11 violation, the imposition of sanctions is mandatory. The rule uses the words "shall impose … a reasonable sanction." It is therefore ORDERED that Plaintiff's Motion To Impose Sanctions For Violation Of Fed.R.Civ.P. Rule 11 (# 32) be, and the same hereby is, ALLOWED. Clifford B. Thompson, Esquire, is ORDERED to pay to counsel for the plaintiff the sum of five-hundred dollars ($500.00) *on or before the close of business on Friday, May 29, 1992.* The sum shall be paid by Mr. Thompson personally and shall not be, either directly or indirectly, passed on to the defendant.